■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAY DANIELS, ALVIN COOPER and HARRIET EVANS, Appellants.— Appeal by defendants from three judgments of the Supreme Court, Kings County, one each as to defendants Daniels and Cooper rendered December 13, 1972, and one as to defendant Evans rendered December 14, 1972, convicting them of criminal possession of dangerous drugs in the third and fourth degrees and two counts of criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence. Three judgments affirmed. No opinion. Latham, Christ and Munder, JJ., concur; Martuscello, J., dissents and votes to reverse the judgments and order a new trial, with the following memorandum: Appellants, as well as John Bryant and Donald James, were indicted and charged with criminal possession of a dangerous drug in the third and fourth degrees and two counts of criminally using drug paraphernalia in the second degree. Prior to trial James pleaded guilty and he became a witness for the People. At the trial Police Sergeant Race testified that on October 22, 1971, at about 11:00 A.M., he positioned himself on the landing between the, fourth and fifth floors of an apartment house located at 457 Schenectady Avenue, Brooklyn, New York. From that position he was able to see the door to apartment 3-D. At approximately 1:30 P.M. he saw Bryant leave the apartment. At about 2:15 P.M. he observed James exit from the elevator and knock on the door to the apartment. The door opened and James entered. At approximately 2:55 P.M. Race saw James and appellant Daniels leave the apartment. As soon as the

men left, Race communicated with fellow officers by means of a walkie-talkie. A couple of minutes later, as he walked down the stairs, he saw Daniels and James between the third and fourth floors in the custody of other police officers. They then all proceeded upstairs to apartment 3-D. As they approached the apartment Bryant came out of the elevator and was taken into custody. Upon entering the apartment, Race found on the kitchen table 1,331 glassine envelopes containing a white powder, a clear plastic bag containing a white powder, a scale, three full boxes of scotch tape, a plastic bag containing jelly capsules, and a box of rubber bands. There was also a large quantity of empty glassine envelopes both on top and beneath the kitchen table. Some of these glassine envelopes were "strewn about loose", some were in a box and some were in a paper bag. Race further testified that while he was in the apartment he arrested the three appellants and Bryant and James. Appellant Evans was found in the bedroom in the rear of the apartment, undressed and under the covers in bed. A police chemist testified that the envelopes found on the kitchen table in the apartment contained four and three-eighth ounces and 13 grains of powder. Heroin was found to be present in each envelope. Donald James, who, as above stated, had been indicted with the appellants and had pleaded guilty prior to the trial, admitted that on October 22, 1971 he possessed heroin with the intent to sell it. The drugs were located at 457 Schenectady Avenue, Brooklyn, New York. He testified with reference to the items on the kitchen table in apartment 3-D that he and appellant Daniels were equal partners. Appellant Evans was employed by them to help sell these items. Bryant was employed by them to help distribute the contents on the table. Also, appellant Cooper was employed by them to answer the telephone in reference to these items. After both sides rested and after the summations and charge, the jury returned guilty verdicts against each of the appellants on the four counts of the indictment and returned a not guilty verdict against Bryant on all four counts. A number of errors were committed during the trial court's charge to the jury and during the prosecutor's summation, which, considered together, require a new trial. The court's charge on corroboration of an accomplice's testimony was improper. While the court properly charged that James, who testified for the People, was an accomplice, its explanation of what the accomplice corroboration rule entails was incorrect when it, in effect, told the jury that evidence of the corpus delicti alone is sufficient corroboration of an accomplice's testimony (*People* v. *Maione*, 284 N. Y. 423). Although no specific exception was taken to the incorrect accomplice charge, the error was serious enough to require a new trial in the interests of justice, especially when considered together with the other errors to which exceptions were taken. One of the other errors occurred when the trial court, in marshaling the evidence, improperly charged the jury that it was the People's claim that defendants had been at the kitchen table processing the powder. There was absolutely no testimony to that effect. This significant misstatement of fact by the court was prejudicial to appellants. Finally, the prosecutor, during his summation to the jury made a number of improper inflammatory remarks. At the close of his summation, in a very loud voice, he said the word "guilty". Also, during the summation he told the jury: "Stop them. If they are guilty beyond a reasonable doubt of acting in concert to sale [*sic*], to telephone, to deliver, stop them now. There may be more than that in the future." Such improper statements by a prosecutor in his summation have been condemned by the courts (*People* v. *Hickman*, 34 A D 2d 831; *People* v. *Fields*, 27 A D 2d 736).